IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| TIMOTHY JOHN MARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-16-1348-R |
| | ) |
| A-1 ELECTRIC HEAT & AIR, | ) |
| CARLA NIEVAR, and | ) |
| JONATHAN JACKSON, | ) |
| | ) |
| Defendants. | ) |

## **REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Amended Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. No. 7]. The Application has been assigned to the undersigned and pursuant to *Lister v. Department of the Treasury*, 408 F.3d 1309 (10th Cir. 2005), the following recommendation is submitted to United States District Judge David L. Russell.

Plaintiff is required to pay a fee of $400.00 to commence his civil action.[1] Pursuant to 28 U.S.C. § 1915(a), however, a district court has discretion to permit the commencement of an action without prepayment of fees or security therefor. *See Cabrera v. Horgas*, No. 98-4231, 1999 WL 241783 at *1 (10th Cir. April 23, 1999) (unpublished op.) ("The decision to grant or deny in forma pauperis status under § 1915 lies within the sound discretion of the trial court."). "Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners." *Lister*, 408 F.3d at 1312.

Proceeding in forma pauperis "in a civil case is a privilege, not a right – fundamental or otherwise." *White v. State of Colo.*, 157 F.3d 1226, 1233 (10th Cir. 1998). To succeed on a

---

[1] The filing fee is $350.00. *See* 28 U.S.C. § 1914(a). In addition, an administrative fee of $50.00 must be paid. *See Judicial Conf. Sched. of Fees, Dist. Ct. Misc. Fee Sched.* ¶ 14.

motion to proceed in forma pauperis, the movant must show a financial inability to pay the required filing fees. *Lister*, 408 F.3d at 1312. Factors the court may consider in exercising its discretion include: "whether the complaint is frivolous or malicious; whether the case concerns a prisoner, with special concern placed on prisoner complaints; and the nature of the mandatory and discretionary demands on the applicant's financial resources." *Brewer v. City of Overland Park Police Dep't*, 24 F. App'x 977, 979 (10th Cir. 2002) (citations omitted). But, "a person should not be denied the opportunity to proceed under 28 U.S.C. § 1915(a) simply because he or she is not 'absolutely destitute.'" *Id.* (citation omitted).

Plaintiff has submitted three applications in this action, two of which have been submitted in response to the Court's orders to cure deficiencies. In his First Application, Plaintiff identified his gross wages as $570.00 per week and represented, under penalty of perjury, that he had no other sources of income. He further represented that he has no "automobile . . . or other financial instrument or thing of value." *See* First Application [Doc. No. 2], ¶ 4. He also stated that he supports his wife as a dependent but that he is the "major provider of income." *See id.*, ¶ 6. Plaintiff was directed to file an amended application to address whether his wife earns income. *See* Order [Doc. No. 4].[2]

In response, Plaintiff submitted a second Application. *See* Second Application [Doc. No. 5]. In the Second Application, Plaintiff represented that he earns no wages and that his wife's income is "575.00 per pay period." *See id.*, ¶ 2. He again represented that he has no

---

[2] Spousal income is an appropriate consideration when making a determination as to whether an applicant qualifies to proceed in forma pauperis. *See generally Zhu v. Countrywide Realty Co.*, 148 F. Supp. 2d 1154, 1155 (D. Kan. 2001) (recognizing that "[i]n a number of cases, courts have found that the income and assets of close family members are relevant to a determination of indigency under 28 U.S.C. § 1915") (collecting cases); *see also Jackson v. United States Dep't of Army*, No. 14-4034, 2014 WL 2761142 at *1 (D. Kan. June 18, 2014) (unpublished op.) (denying application to proceed in forma pauperis based, in part, on spouse's current employment and "substantial annual salary").

"automobile . . . or other financial instrument or thing of value." *See id.* ¶ 4. Plaintiff did not specify the pay period with respect to his wife's income. The Court, therefore, directed Plaintiff to provide this additional information. *See* Order [Doc. No. 6].

In his Third Application [Doc. No. 7], Plaintiff states that his wife's pay period is bi-weekly and that her income is $575.00 per pay period. *See id.*, ¶ 2. However, for the first time, Plaintiff now represents, under penalty of perjury, that he has two vehicles valued at $16,500.00 and an additional asset valued at $70,000.00. *See id.*, ¶ 4. He does not specify the nature of this latter asset. He also includes as an item of expense -- omitted from his first two applications -- "transportation $676.00." *See* Third Application, ¶ 5.[3]

It is recommended that Plaintiff's Third Application be denied. Plaintiff has sworn under penalty of perjury that he lacks sufficient assets or funds to prepay his filing fee. Plaintiff submitted two prior applications and failed to disclose the assets he now identifies. In his Third Application, Plaintiff now swears under penalty of perjury that he owns an item of value in the amount of $70,000.00 but fails to specify the nature of that asset. The Court deems it futile to grant Plaintiff the opportunity to further identify this asset. Each time Plaintiff submits an application, the information changes. Plaintiff's lack of candor is concerning given his obligation to provide the information in support of his application under penalty of perjury. *Cf.* 28 U.S.C. § 1915(e)(2)(A) (providing that the Court "shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue").

---

[3] In the first two applications, Plaintiff identified a truck payment in the amount of $335.95. It is unclear whether Plaintiff's current reference to "transportation" includes the expense previously identified as his truck payment.

As further support for denying Plaintiff's Third Application, the Court observes that the claim raised in the Complaint appears wholly conclusory and frivolous. The allegations of the Complaint, in their entirety, read as follows:

> I Timothy John Martin, am filing gender discrimination sued against, Mrs. Carla Nievar – owner of A-1 Electric Heat & Air for gender discrimination. Mrs. Carla Nievar showed gender favoritism in my employment work history during a two month period, which voilated [sic] the company policy. I am also showing that Jonathan Jackson is a part of this sued, because of showing nepotism & favoring one-side issue.

*See* Complaint at p. 1. Under these circumstances, it is recommended that Plaintiff be denied leave to proceed in forma pauperis.

## RECOMMENDATION

It is recommended that Plaintiff's Amended Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. No. 7] be denied. It is further recommended that if Plaintiff does not pay the $400.00 filing fee in full to the Clerk of the Court within twenty-one days of any order adopting this Report and Recommendation, that this action be dismissed without prejudice to refiling, pursuant to LCvR 3.3(e).

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Any such objection must be filed with the Clerk of the Court on or before January 10, 2017. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives her right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

ENTERED this 20th day of December, 2016.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE