IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

TIMOTHY JOHN MARTIN, )
)
        Plaintiff, )
)
v. ) Case No. CIV-16-1348-R
)
A-1 ELECTRIC HEAT & AIR, )
CARLA NIEVAR and JONATHAN )
JACKSON, )
)
        Defendants. )

## ORDER

Defendants filed a Joint Motion to Dismiss (Doc. No. 20) to which Plaintiff filed a *pro se* response. Having considered the parties' submissions, the Court finds as follows.

On November 28, 2016, Plaintiff filed a single-paged *pro se* Complaint that consisted of the following:

> I Timothy John Martin, am filing gender discrimination sue against, Mrs. Carla Nievar- owner of A-1 Electric Heat and Air for gender discrimination. Mrs. Carla Nievar showed gender favoritism in my employment work history during a two month period, which violated the company policy. I am also showing that Jonathan Jackson is a part of this sued, because of showing nepotism and favoring a one-side issue.

Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The single-paragraph Complaint is, as Defendants' motion argues, insufficient to state a claim against either the individuals or A-1 Heat & Air. Plaintiff's conclusory contention that the owner and a supervisor of A-1 Electric showed favoritism during his employment is insufficient

to meet his obligation of alleging factual matter that, if accepted as true, would establish that he is entitled to relief. Although the Court gives the filings of a *pro se* Plaintiff liberal construction, it will not construct a legal theory on his behalf. *Ross v.* Bush, --- Fed.Appx. ----, 2017 WL 3484854, * 1 n. 1 (10th Cir. August. 15, 2017). Accordingly, Defendant's allegations against all Defendants are subject to dismissal for failing to state a claim, because alleging someone showed gender favoritism is too conclusory to meet Plaintiff's pleading burden.

Defendants are further correct that there is no individual liability under Title VII or the Oklahoma Anti-discrimination Act. *See Haynes v. Williams,* 88 F.3d 898, 899 (10th Cir. 1996)(an individual may qualify as an employer under Title VII for the purpose of imputing liability to the true employer, but the individual is the alter ego of the employer and may not be sued in his personal capacity); *Fulton v. People Lease Corp.,* 241 P.3d 255, 261 (Okla. Civ. App. 2010)(there is no individual or supervisory liability under the OADA). Accordingly, Defendants Nievar and Jackson are hereby dismissed from this action.

Where dismissal is granted for failure to state a claim, the Court should grant leave to amend freely "if it appears at all possible that the plaintiff can correct the defect." *Triplett v. Leflore County, Okla.*, 712 F.2d 444, 446 (10th Cir.1983). Plaintiff did not file a separate motion to amend his complaint; however, he asserts within his response to the instant motion that he can amend his claims and specifically requests leave to do so. The Court hereby GRANTS Defendants' Motion to Dismiss and further GRANTS Plaintiff leave to amend his Complaint. Plaintiff is reminded of his obligation to comply with both the rules

of this Court and the Federal Rules of Civil Procedure. Plaintiff's amended complaint shall be filed within ten days of entry of this order.

IT IS SO ORDERED this 24th day of August 2017.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE