# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TIMOTHY JOHN MARTIN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-16-1348-R |
| A-1 ELECTRIC HEAT & AIR, CARLA NIEVAR and JONATHAN JACKSON, | ) |
| Defendants. | ) |

# ORDER

Defendants filed a Motion to Dismiss Amended Complaint (Doc. No. 25) to which Plaintiff filed a *pro se* response. Having considered the parties' submissions, the Court finds as follows.

The Court previously granted Defendants' motion to dismiss, simultaneously granting Plaintiff leave to amend in light of his *pro se* status. Defendants contend that despite Plaintiff's attempt at amending, his allegations continue to fall short of the applicable pleading standards. Plaintiff contends that he has sufficiently alleged facts to support his contentions that Defendants violated Title VII and the Oklahoma Anti-discrimination Act.

As noted by the Court in dismissing Plaintiff's original allegations, pursuant to Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although the Court gives

the filings of a *pro se* Plaintiff liberal construction, it will not construct a legal theory on his behalf. *Ross v.* Bush, --- Fed.Appx. ---, 2017 WL 3484854, * 1 n. 1 (10th Cir. August. 15, 2017).

As before, Defendants are correct that there is no individual liability under Title VII or the Oklahoma Anti-discrimination Act. *See Haynes v. Williams,* 88 F.3d 898, 899 (10th Cir. 1996)(an individual may qualify as an employer under Title VII for the purpose of imputing liability to the true employer, but the individual is the alter ego of the employer and may not be sued in his personal capacity); *Fulton v. People Lease Corp.,* 241 P.3d 255, 261 (Okla. Civ. App. 2010)(there is no individual or supervisory liability under the OADA). Accordingly, Defendants Nievar and Jackson are hereby dismissed from this action with prejudice. Plaintiff's attempt to argue to the contrary is without merit and without citation to any authority that would permit him to hold either Defendant Nievar or Jackson individually liable for discriminating against him on the basis of his gender.[1] Accordingly, the Court considers whether Plaintiff's Amended Complaint states a plausible claim for gender discrimination against Defendant A-1 Electric Heat & Air.

Plaintiff's "Amend Complain" (Doc. No. 24) fails to comply with Federal Rule of Civil Procedure 10(b), which requires that a party state his claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." This shortcoming makes it somewhat difficult to construe Plaintiff's allegations, especially because much of the document is a general statement of the law, from Plaintiff's

---

[1] In both the Amended Complaint and in response to the instant motion, Plaintiff includes statements related to discrimination on the basis of gender identity or transgender status. The Court cannot discern any relevance of these statements to Plaintiff's allegations.

perspective. However, Plaintiff's factual allegations do exceed the single paragraph contained in his original pleading, and can be liberally construed as alleging that:

>    1) At his interview, Carla Nievar asked whether he would be able to get along with the women in the office;
>
>    2) Mrs. Nievar would ask female staffers what they wanted for lunch, but did not include Mr. Martin in her requests; and
>
>    3) Female employees were not reprimanded for using foul language and reporting to work late.

The amended pleading also alleges Plaintiff was terminated, and that no reason was given for his termination. It also contains factual allegations that do not appear related to Plaintiff's contentions that he was subjected to gender discrimination, including the fact that Mr. Nievar allegedly enticed him away from a job and failed to live up to assurances that the position was reliable.

Under Title VII, it is unlawful "for an employer ... to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race ... or national origin." 42 U.S.C. § 2000e–2(a)(1). The Court finds that even accepting as true Plaintiff's allegations, that he has failed to state a Title VII claim for discrimination on the basis of his gender. Although he contends female employees were not reprimanded for policy violations, he does not allege that he was subjected to discipline for using foul language or reporting to work late. Rather, he contends that he broke no policies during his six weeks on the job. The fact that Mrs. Nievar would ask female employees what they wanted for lunch but not ask Plaintiff is insufficient

to establish discrimination on the basis of gender or that the environment in which he worked was permeated with discriminatory intimidation, ridicule and insult that was sufficiently severe or pervasive. *Herrera v. v. Lufkin Ind., Inc.,* 474 F.3d 675, 680 (10th Cir. 2007). Courts often note that Title VII is not a general civility code for the workplace, *see e.g. Faragher v. City of Boca Raton*, 524 U.S. 775, 778 (1998); *Trujillo v. University of Colorado Health Sciences Ctr.*, 157 F.3d 1211 (1998). The allegations contained in Plaintiff's amended pleading simply do not offer sufficient facts to support his contention that he was subjected to discrimination on the basis of his gender, either via disparate treatment or a hostile work environment.

For the reasons set forth herein, Defendants' Motion to Dismiss is GRANTED. Plaintiff's responsive document entitled "Plaintiff Joint Motion to Not Dismiss Amended Complaint and Brief in Support" (Doc. No. 26) is DENIED.

IT IS SO ORDERED this 16th day of October 2017.

*/s/ David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE